UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TERRY MacDONALD,<br><br>    Petitioner,<br><br>    v.<br><br>JEFFREY A BEARD,<br><br>    Respondent. | Case No.:1:13-cv-00812-SAB (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE WITHOUT PREJUDICE<br><br>(ECF No. 1) |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented by David Mugridge, Esq.

On June 13, 2013, pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States magistrate judge. Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on May 29, 2013, along with a motion for a stay pending exhaustion of unexhausted claims in state court.

**I.**

**DISCUSSION**

There are two different procedures to hold a petition in abeyance in federal court. In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition. The Supreme Court

noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278. The Ninth Circuit has held that the Rhines "good cause" standard does not require a petitioner to show that "extraordinary circumstances" prohibited him from exhausting his claims. See Jackson v. Roe, 425 F.3d 654, 661-662 (9th Cir. 2005).

A petition may also be stayed pursuant to the procedure set forth by the Ninth Circuit in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Under this three-step procedure: 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition to include the newly exhausted claims. See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). However, the amendment is only allowed if the additional claims are timely. Id. at 1140-41.

Petitioner seeks a stay under Rhines. In his direct appeal, Petitioner raised the following claims: (1) ineffective assistance of counsel; (2) judicial complacency and incompetence; and (3) prosecutorial misconduct. (Pet., Ex. A.) The claims were denied on the merits by the state court.

In the instant federal petition, Petitioner raises the following three claims: (1) the state court adjudication resulted in a decision contrary to clearly established principles of federal law as established by the United States Supreme Court and therefore petitioner is justified in seeking relief under the applicable AEDPA standards; (2) petitioner was denied his constitutional right to a fair trial due to the ineffective assistance of defense counsel; and (3) judicial complacency and prosecutorial misconduct combined to deny petitioner a fundamentally fair trial.
(Pet. at 33-69.)

On December 9, 2011, the California Court of Appeal affirmed Petitioner's conviction. (Pet., Ex. A.) On January 23, 2012, Petitioner filed a petition for review in the California Supreme Court. The petition was denied on February 29, 2012. (Pet., Ex. B.)

///

///

On March 8, 2013, Petitioner filed a petition for writ of habeas corpus in the Appellate Division of the Mariposa County Superior Court. (Pet., Ex. C.) The petition was denied on April 4, 2013.

On April 25, 2013, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. The petition is currently pending in that court in case number S210208.[1]

Petitioner argues there is good cause for failing to exhaust the "unspecified" unexhausted claims because:

> Habeas counsel conducted interviews and began an investigation to determine whether a petition for writ of habeas corpus would be meritorious in this case. Based on the investigation, habeas counsel learned of important witnesses and extrinsic information that could corroborate Petitioner's alibi defense. Due to the transient nature of some of the potential witnesses and the distances involved, the investigation undertaken by habeas counsel has taken longer than anticipated. Habeas counsel, in the interests of Petitioner, waited as long as possible to allow investigation to proceed as to the whereabouts of crucial witnesses and information.
>
> During the investigation by habeas counsel, numerous facts were discovered regarding the ineffectiveness of trial counsel and lack of meaningful investigation in preparation for trial. As such, information regarding the whereabouts of crucial witnesses, important documents and employment records have grown stale. Many of the instant claims involve the ineffective assistance of counsel. The failure of trial counsel to provide habeas counsel with any meaningful cooperation caused delays by forcing habeas counsel to attempt to locate information elsewhere. [citation].

(Pet. at 34.)

In this instance, the California Supreme Court denied review on February 29, 2012. (Pet. Ex. B.) Petitioner's conviction became final ninety days later, on May 29, 2012, when the time for seeking certiorari with the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on May 30, 2012, and absent tolling, Petitioner's last day to file ran on May 30, 2013. Petitioner indicates the

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case. See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 741, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

instant petition for writ of habeas corpus filed on May 29, 2013, was filed to preserve the federal deadline.

Applying the Rhines standards, the Court finds that it must, at this juncture, deny Petitioner's motion for stay without prejudice.  In his motion, Petitioner does not identify the ground(s) he intends to exhaust (or is exhausting) in the state court, nor has Petitioner explained the bases for those grounds in sufficient detail for the Court to determine whether those grounds are "plainly meritless" under Rhines.[2]  544 U.S. at 277-278.  Accordingly, the Court will deny the motion for stay of the proceedings without prejudice.

## II.
## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Petitioner's motion to stay the proceedings is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **July 2, 2013**

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] From the face of the petition and exhibits it appears that Petitioner is attempting to raise the same claims on collateral review that have been raised previously on direct appeal. In fact, the Superior Court for the County of Mariposa denied petitioner's post-conviction state petition stating in pertinent part that "[i]t appears from the allegations in the Petition for Writ of Habeas Corpus that the allegations are the same as those raised and determined on appeal."  (Pet. Ex. C.)